**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 26-24347-CIV-CANNON**

**LEONARDO GONZALEZ LEON**,

Petitioner,

v.

**U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT *and* WARDEN, KROME NORTH SERVICE PROCESSING CENTER,**

Respondents.
________________________________________/

**ORDER DENYING PETITION AND CLOSING CASE**

**THIS CAUSE** comes before the Court upon Petitioner Leonardo Gonzalez Leon's ("Petitioner") *pro se* Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C § 2241 (the "Petition") [ECF No. 1]. Petitioner, an immigration detainee, challenges the length and legality of his current post-removal order immigration detention [ECF No. 1 pp. 2, 6–7; ECF No. 1-1 pp. 2–3]. Pursuant to this Court's prior Order [ECF No. 5], Respondents filed a Response to the Petition, arguing that Petitioner's post-removal order detention has been permissibly extended due to Petitioner's repeated refusal to comply with his removal into Mexico [ECF No. 8 pp. 3–4]. In his counseled Reply, Petitioner posits that Respondents' attempts to remove him were not legitimate efforts to effectuate his removal [ECF No. 10 pp. 4–10] and for the first time challenges the revocation of his Order of Supervision under *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954) [ECF No. 10 pp. 2–4]. For the reasons stated below, the Petition [ECF No. 1] is **DENIED**.

***

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the United States Supreme Court held that the Constitution "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Id.* at 689. Specifically, the Supreme Court read into § 1231(a)(6) "an implicit 'reasonable time' limitation" of six months. *Id.* at 682, 700–701; *see also Akinwale v. Ashcroft*, 287 F.3d 1050, 1051 (11th Cir. 2002) (confirming "that six months is a presumptively reasonable period to detain a removable alien awaiting deportation").

However, the Supreme Court also emphasized that this six-month presumption "does not mean that every alien not removed must be released after six months." *Zadvydas*, 533 U.S. at 701. Indeed, an alien's removal period may be extended when an alien either "fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal." *See* 8 U.S.C. § 1231(a)(1)(C); *see also Singh v. U.S. Att'y Gen.*, 945 F.3d 1310, 1314 (11th Cir. 2019) ("The risk of indefinite detention that motivated the Supreme Court's statutory interpretation in *Zadvydas* does not exist when an alien is the cause of his own detention" (citation omitted)). Examples of actions intended to prevent an alien's removal include an alien's "refusal to voluntarily sign his travel document[s]," *see Vaz v. Skinner*, 634 F. App'x 778, 782 (11th Cir. 2015), or refusal to depart from the United States, *see, e.g.*, *Jimenez v. Mordant*, 26-cv-1854, 2026 WL 1842666, at *2 (M.D. Fla. June 26, 2026) (citing *Akinwale*, 287 F.3d at 1052 n.4); *Vidal v. U.S. Immigr. & Customs Enf't*, 26-cv-23748, 2026 WL 2210122, at *3 (S.D. Fla. July 31, 2026).

In this case, the record is undisputed that, after Petitioner was informed of Immigration and Customs Enforcement's intent to remove him to Mexico [ECF No. 8-9], Petitioner twice refused

to depart from the United States into Mexico: first, on March 16, 2026, Petitioner failed to depart from the United States at the Hidalgo, Texas port of entry; and second, on April 3, 2026, Petitioner failed to effectuate his removal into Mexico at the Hidalgo, Texas port of entry when he refused to get off the bus [*see* ECF No. 8 pp. 3–4; ECF No. 8-6 pp. 3–4]. Petitioner argues that the government's two attempts to remove him from the United States do not constitute legitimate attempts at removal [*see* ECF No. 10 pp. 7–10 (discussing *Mendoza Martinez v. Parra*, Case No. 26-cv-24255-BLOOM, 2026 WL 2318024 (S.D. Fla. Aug. 11, 2026))]. However, Petitioner does not contest that he twice refused to depart from the United States into Mexico, which is the country identified by ICE as early as January 2026 as the country to which ICE intended to remove him [*see* ECF No. 8-9; *see generally* ECF No. 10]. Further, the record clearly indicates that Petitioner refused to sign both a July 16, 2026, Notice of Removal, informing him of ICE's intent to remove him to Mexico [ECF No. 8-10] and a July 16, 2026, warning arising from Petitioner's repeated failure to depart from the United States informing him of his obligations to assist in removal efforts and the implications for failing to satisfy those obligations [ECF No. 8-11].

Accordingly, to the extent Petitioner would have any basis to claim a due process violation on account of his immigration custody since December 2025, any possible challenge in that vein would fail due to Petitioner's own documented obstruction against execution of his lawful removal order. The record demonstrates that Petitioner has repeatedly impeded his removal [*see, e.g.*, ECF No. 8 pp. 3–4; ECF No. 8-6 pp. 3–4; ECF No. 8-10; ECF No. 8-11]. Petitioner was at the finish line, and the keys to his removal were "in his pocket": the only reason Petitioner was not removed from the United States in April 2026 was due to his own refusal to depart. *See Singh*, 945 F.3d at 1314 (quoting *Pelich v. Immigr. & Nat. Serv.*, 329 F.3d 1057, 1060 (9th Cir. 2003)); *Oladokun v. U.S. Att'y Gen.*, 479 F. App'x 895, 897 (11th Cir. 2012) ("In contrast to the petitioner

in *Zadvydas*, who could not be removed because the receiving countries refused to accept him, Oladokun's non-cooperation is the only barrier to his removal").

Consistent with the record, Petitioner's removal period has been justifiably extended beyond the presumptively reasonable six-month period, and he has failed to show that, in light of his repeated recalcitrance, he has been detained for an unreasonable period of time. *See* 8 U.S.C. § 1231(a)(1)(C); *see also Singh*, 945 F.3d at 1314; *Jimenez*, 2026 WL 1842666, at *1–2 (holding that petitioner's failure to exit a bus to Mexico and sign necessary third-country removal forms tolled the detention period); *cf. Zadvydas*, 533 U.S. at 701 (indicating that the six-month presumption "does not mean that every alien not removed must be released after six months"). Further, Petitioner's refusal to depart from the United States in both March and April 2026 contradicts his claim that his removal is not reasonably foreseeable. *See Linares v. Dep't of Homeland Sec.*, 598 F. App'x 885, 887 (11th Cir. 2015) ("Llovera–Linares cannot demonstrate that 'there is no significant likelihood of removal in the reasonably foreseeable future,' as there is a significant likelihood that he will be removed as soon as he ceases obstructing the government's efforts to remove him" (citing *Zadvydas*, 533 U.S. at 684–85; *Akinwale*, 287 F.3d at 1052)). Therefore, Petitioner has failed to state a claim under *Zadvydas*.

Further, Petitioner is not permitted to raise for the first time in his Reply a challenge to the revocation of his Order of Supervision under *Accardi*. *See, e.g.*, *Riechmann v. Fla. Dep't of Corr.*, 940 F.3d 559, 579 (11th Cir. 2019) ("[A]rguments raised for the first time in a reply brief are not properly before a reviewing court" (citations omitted)); *Ganz v. Grifols Therapeutics LLC*, 688 F. Supp. 3d 1209, 1228 (S.D. Fla. 2023) ("[A] party may not wait until a reply brief to raise an argument for the first time" (citing *In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009)). The Petition [ECF No. 1] and attached Memorandum [ECF No. 1-1] exclusively challenge Petitioner's

"continued final order detention [without] a foreseeable repatriation in the reasonabl[y] foreseeable future" [*see, e.g.*, ECF No. 1 p. 2]; they raise no challenge to the revocation of Petitioner's Order of Supervision, let alone a challenge specifically brought under *Accardi* [*see generally* ECF No. 1; ECF No. 1-1]. Arguments are deemed waived if they are not properly presented in a party's initial brief or raised for the first time in their reply brief. *See In re Egidi*, 571 F.3d at 1163 ("Arguments not properly presented in a party's initial brief or raised for the first time in the reply brief are deemed waived" (citations omitted)). Therefore, Petitioner has waived his challenge to the revocation of his Order of Supervision in this proceeding by failing to raise such a challenge in the Petition.

***

Being fully apprised in the premises, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition [ECF No. 1] is **DENIED**.
2. Any pending Motions are **DENIED AS MOOT**.
3. A certificate of appealability need not be issued in this case. *See* 28 U.S.C. § 2253(c)(1); *see also Madu v. Chertoff*, 286 F. App'x 613, 614 n.1 (11th Cir. 2008) (citing *Sawyer v. Holder*, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003)).

**ORDERED** in Chambers in Fort Pierce, Florida, this 25th day of August 2026.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record